**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KESHAUN D. EARLEY,**<br>**Petitioner,**<br>**v.**<br>**WARDEN OF NEW JERSEY STATE PRISON, et al.,**<br>**Respondents.** | **Case No. 26–cv–09444–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** comes before the Court on petitioner Keshaun D. Earley's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Petition) (ECF No. 1). I administratively terminated the Petition on August 6, 2026 as petitioner had not paid the filing fee or submitted an *in forma pauperis* application. (ECF No. 4.) Petitioner has now paid the filing fee, so I will direct the Clerk to reopen the proceedings.

Petitioner also moves to stay the proceedings while he continues to pursue post-conviction relief in the state courts (Motion). (ECF No. 2.) Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Petitioner states in his Motion that he is currently in the process of pursuing post-conviction relief in the state courts because evidence was not properly disclosed to him and state counsel failed to raise certain issues. (ECF No. 2 p. 2.) I find that there is good cause to stay the § 2254 proceedings because it would not be an efficient use of court resources to continue when petitioner has active state court proceedings. The state courts' resolution of petitioner's motion for post-conviction relief may impact the habeas proceedings, so it is better to allow the state courts to consider petitioner's

claims in the first instance.[1] Furthermore, there is no indication that petitioner is engaging in intentionally dilatory litigation tactics as he is currently litigating his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005).

The Clerk will be ordered to administratively terminate the Petition. Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of this order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a district court retains jurisdiction over, and can reopen, administratively closed cases).

Petitioner shall file a notice with the Court within 30 days of completing state court exhaustion. The notice shall consist of an amended petition containing all the grounds for relief petitioner wishes to present to the Court,[2] as well as copies of any opinions and orders issued by the state courts concerning the newly filed post-conviction relief petition.

**IT IS** on this **10th** day of **August 2026** **ORDERED** that:

1. The Clerk shall **REOPEN** the proceedings

2. The Motion at ECF No. 2 is **GRANTED**.

3. Consideration of the Petition is **STAYED** pending state court exhaustion.

4. Petitioner shall file a notice with the Court within **30 days** of completing state court exhaustion. The notice shall consist of an amended petition containing all the grounds for relief petitioner wishes to present to the Court as well as copies of any opinions and orders issued by the state courts concerning petitioner's post-conviction relief petition.

---

[1] To be clear, nothing in this order requires the state courts to make a decision on the merits if they decide petitioner has not met the state procedural rules for filing a postconviction relief petition.

[2] This includes claims already included in the original Petition. In other words, the amended petition should gather in one place every claim petitioner is raising under §2254. If a claim is not in the amended petition, I will consider the claim to be waived.

5. The Clerk will reopen the matter upon receiving the notification from petitioner.

6. The Clerk shall send a copy of this opinion and order to petitioner by regular mail and **ADMINISTRATIVELY TERMINATE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**